SWAIN v J. L. HUDSON COMPANY

1. NEGLIGENCE—WORKMEN'S COMPENSATION—INSURER—THIRD PARTY.

A negligence action may be brought against a workmen's compensation insurance carrier as a third party tortfeasor for its own negligent conduct.

2. WORKMEN'S COMPENSATION—NEGLIGENCE—SELF-INSURER—THIRD PARTY—STATUTES.

A self-insured employer for workmen's compensation cannot be a "third party" against whom an employee may institute suit.

Appeal from Wayne, John D. O'Hair, J. Submitted Division 1 March 5, 1975, at Detroit. (Docket No. 21338.) Decided April 9, 1975.

Complaint by Thomas C. Swain, administrator of the estate of Margaret Swain, deceased, against J. L. Hudson Company for damages resulting from alleged failure to inspect a trolley from which a pulley fell causing decedent's injury and death. Judgment for defendant. Plaintiff appeals. Affirmed.

*Cohn & DuBois,* for plaintiff.

*Vandeveer, Garzia, Tonkin, Kerr & Heaphy, P. C.,* for defendant.

Before: ALLEN, P. J., and McGREGOR and M. F. CAVANAGH, JJ.

M. F. CAVANAGH, J. On August 19, 1968, Marga-

REFERENCES FOR POINTS IN HEADNOTES
[1] 58 Am Jur, Workmen's Compensation §§ 358, 360.
[2] 58 Am Jur, Workmen's Compensation §§ 546, 573.

ret Swain was injured in the course of her employment with the defendant, when a pulley fell from a trolley and struck her. Plaintiff alleges that this injury resulted in Margaret Swain's death on March 19, 1973.

As administrator, personal representative and next of kin, plaintiff filed a workmen's compensation claim on September 12, 1972, and then commenced the present action in Wayne County Circuit Court on January 23, 1974. Plaintiff claims that the defendant, a self-insurer, was negligent in failing to properly inspect the trolley, to warn its employees, and to make safety improvements.

On February 13, 1974, defendant moved for accelerated judgment on the ground that plaintiff's sole legal remedy arises under a workmen's compensation claim. MCLA 418.131; MSA 17.237(131). Plaintiff, however, argues that defendant was sued in its capacity as insurer, not as employer, and that the statutes and case law in effect at the time of the injury allow a recovery.

Plaintiff presents an interesting legal theory. Prior to the 1972 amendments to the workmen's compensation statutes, the insurance carrier did not share in the employer's immunity against suit. See *Watson v Employers Insurance Company of Wausau*, 50 Mich App 597; 213 NW2d 765 (1973). Thus, plaintiff argues that MCLA 418.131; MSA 17.237(131), which provides that an employee's exclusive right of recovery is through a workmen's compensation claim, should not be applied retroactively. It is clear that a viable cause of action may exist against a workmen's compensation insurance carrier as a third party tortfeasor for its own negligent conduct. *Olkowski v Aetna Casualty & Surety Co*, 53 Mich App 497; 220 NW2d 97 (1974).

Thus, plaintiff's theory is that the law of the time of the injury (1968) should apply to determine the effective workmen's compensation statute, but for statute of limitations purposes the date of the decedent's death (1973) should be effective.

We conclude, however, that even under the statutes in effect in 1968, an employee could not maintain a negligence action against his self-insured employer separate from his workmen's compensation remedy.

Under plaintiff's theory an employer who is a self-insurer takes on a bifurcated status. Although he is immune from suit while robed in employer's apparel, he is vulnerable as an insurance carrier. The problem with this contention is that, unlike other insurance carriers, a self-insurer cannot constitute a third party liable to suit.

A "self-insurer" is defined as an employer authorized to carry its own risk. MCLA 418.601(b); MSA 17.237(601). Under MCLA 414.1; MSA 17.195, if an employer can make satisfactory proof of financial ability, he may make compensation payments directly to his employees and need not carry a workmen's compensation insurance policy.

The exclusive remedy of an injured employee against his employer is the right to recover workmen's compensation benefits. MCLA 418.131; MSA 17.237(131). We fail to see why the assumption of an employer's own insurance risk should alter the clear meaning of this statute. A self-insured employer cannot be a "third party" against whom an employee may institute suit. See MCLA 413.15; MSA 17.189.

We conclude that the trial court properly granted accelerated judgment against the plaintiff.

Affirmed.