[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED MAY 13, 1997
The defendant Olivetti North America, Inc. ("Olivetti") has moved for summary judgment on both counts of the plaintiff's revised complaint contending first that this action is barred by the exclusivity provision of the Connecticut Workers' Compensation Act, General Statutes § 31-284 (a). The plaintiff, an Olivetti employee, brings this action under our Connecticut product liability statutes, General Statutes §52-572m et seq., contending that Olivetti manufactured and maintained a defective computer keyboard and related equipment used by the plaintiff during her employment. She alleges that she developed repetitive stress injuries as a result of her use of the keyboard. The plaintiff opposes the defendant's motion for summary judgment, asking this court to apply the "dual capacity" doctrine to allow her to make her product liability claim against her employer.
Practice Book § 384 provides that summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Lees v. Middlesex Insurance Co., 219 Conn. 644,650 (1991). A "motion for summary judgment is designed to CT Page 5020 eliminate the delay and expense of litigating an issue when there is no real issue to be tried." Wilson v. New Haven,213 Conn. 277, 279 (1989).
The parties agree that there is no genuine issue of material fact with respect to the first ground of the defendant's motion for summary judgment. The plaintiff was employed by Olivetti in July 1991, when she began to experience repetitive stress injuries in her right wrist and arm, allegedly as a result of her use during her employment of a defective computer keyboard and related equipment. She made a workers' compensation claim against Olivetti and has received substantial workers' compensation benefits. The plaintiff claims to be totally disabled.
The exclusivity provision of our Workers' Compensation Act provides that "[a]n employer . . . shall not be liable for any action in damages on account of personal injury sustained by an employee arising out of and in the course of his employment . . . All rights and claims between an employer . . . and employees arising out of personal injury or death sustained in the course of employment are abolished . . ." General Statutes § 31-284
(a). Our Supreme Court has explained that the purpose of workers' compensation is to compensate an employee for injuries arising in the course of employment without regard to fault by imposing a form of strict liability on the employer. Jett v. Dunlap,179 Conn. 215, 217 (1979). The employer provides compensation to all injured employees in return for the exclusivity provision, which protects the employer from suits by employees for job-related injuries. Bouley v. Norwich, 222 Conn. 744, 752 (1992).
In Bouley, the plaintiff police officer, who was injured while operating a police vehicle, sued his employer, the City of Norwich, to receive uninsured motorist benefits. To avoid the exclusivity provision, the officer relied on the "dual capacity" doctrine, arguing that he was not suing the city in its capacity as his employer but rather as an insurer. The Supreme Court emphatically rejected the dual capacity doctrine:
 This effort to invoke the "dual capacity" doctrine for self-insured employers is unavailing. We have previously considered and expressly rejected the dual capacity doctrine in the context of a claim that a company-employed nurse was acting as an independent contractor in treating a plaintiff employee. Panaro v. Electrolux Corporation, [208 Conn. 589] CT Page 5021 600, 606. In doing so, we recognized that the weight of authority in nearly all jurisdictions had rejected similar dual capacity arguments. Id., 596-97.
Id., 762. The Court noted that "the dual capacity doctrine ingeneral has been found unpersuasive by commentators and courts alike." (Emphasis added.) Id. The Court then concluded, "[w]e will not circumvent the clear language of § 31-284 (a) by invoking the fiction of the dual capacity doctrine for self-insured employers. The city was not transformed into something other than an employer for purposes of the Worker's Compensation Act because it chose to become self-insured." Id.,
763.
The plaintiff offers two observations concerning the viability in Connecticut of the dual capacity doctrine afterBouley. First, she contends that the Supreme Court has not expressly addressed the exact issue before this court today, e.g., whether the exclusivity provision bars an employee's product liability claim against her employer. Although this is true, the plaintiff offers no reasoned explanation as to why the Court would except product liability actions from the exclusivity provision, especially in light of (1) the Court's criticism of the doctrine "in general" and (2) the Court's consistent refusal to date to adopt the dual capacity doctrine on any facts.
The plaintiff's second point is that courts in other states have adopted the dual capacity doctrine. This statement also is true. Our Supreme Court has acknowledged the fact that the doctrine was adopted in some other jurisdictions. Panaro v.Electrolux Corp, supra, 208 Conn. 594-5. Nevertheless, the Court has refused to adopt the doctrine in Connecticut.
The defendant's motion for summary judgment on the plaintiff's complaint is granted on the ground that the plaintiff's claim is barred by the exclusivity provision of our Workers' Compensation Act, General Statutes § 31-284 (a). It is unnecessary, therefore, to reach the second ground raised in the motion.
VERTEFEUILLE, J.