[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION APPLICATION FOR ORDER TO PROCEED WITHARBITRATION
CT Page 11003
On March 21, 1997, the claimants, Anthony T. Aversano and Peter Rubino (the claimants), filed an application seeking an order directing the respondents, Agency Rent-A-Car, Inc., National Auto Credit, Inc., d/b/a Agency Rent-A-Car, and ARAC, Inc., d/b/a Agency Rent-A-Car (the respondents), to proceed with arbitration under the uninsured motorist coverage allegedly provided for in the insurance provision of the rental agreement (the insurance provision) by the respondents, as self-insurers, on an automobile rented by the claimants. The claimants allege the following facts in their application.
The respondents are engaged in the business of renting cars and were required to file with the Insurance Commissioner a qualified plan of self-insurance which included a provision for uninsured and underinsured coverage. See General Statutes §38a-371 (c). Prior to March 31, 1995, the respondents did file with the Insurance Commissioner a qualified plan of self-insurance, which included a provision for uninsured and underinsured motorist coverage. On March 31, 1995, the respondents entered into a written rental agreement with the claimant, Anthony Aversano, for the rental of a Ford Taurus automobile (the automobile). Later that day, the claimant, Anthony Aversano, was operating the automobile on Padanarum Road in Danbury, Connecticut, with the claimant, Peter Rubino, seated in the front seat, when a van travelling in the opposite direction forced the claimants' automobile off the road and into a stone wall. As a result of the collision, both claimants suffered injuries.
The claimants maintain that they are insureds within the meaning of the respondents' plan of self-insurance on file with the Insurance Commissioner.[1] The claimants have provided the respondents with written notice of their claim of uninsured motorist coverage and have demanded arbitration pursuant to paragraph four of the rental agreement. See footnote 1, supra. Despite the demand, the respondents have refused to proceed with arbitration.
The respondents' insurance policy expressly denies coverage for uninsured and underinsured motorist claims except as required by law. See footnote 1, supra. The respondents argue that, as self-insurers, they are not obligated under Connecticut law to provide uninsured and underinsured motorist coverage and, CT Page 11004 therefore, are not required to arbitrate the issue of whether the claimants are entitled to recover uninsured motorist benefits.
General Statutes § 38a-371 provides, in pertinent part: "(a) (1) The owner of a private passenger motor vehicle required to be registered in this state shall provide and continuously maintain throughout the registration period security in accordance with sections 38a-334 to 38a-343, inclusive. . . . (c) . . . A person who provides security under this subsection is a self-insurer." General Statutes § 38a-336 provides, in pertinent part: "(a) (1) Each automobile liability insurance policy shall provide insurance, herein called uninsured and underinsured motorist coverage. . . ." Cf. Vaughn v. Comrac,Inc., Superior Court, judicial district of Hartford/New Britain at New Britain, Docket No. 462307 (February 10, 1995, Handy, J.) (13 CONN. L. RPTR. 522) (company leasing vehicle is self-insured and is required to meet uninsured motorist obligations of §38a-371).
General Statutes § 38a-371 (a) (1) directs a self-insurer to maintain security in accordance with General Statutes §38a-336. Since General Statutes § 38a-336 requires that an insurer provide uninsured and underinsured motorist coverage, the respondents, as self-insurers, are obligated under Connecticut law to provide uninsured and underinsured motorist coverage. SeeBouley v. Norwich 222 Conn. 744, 747 n. 6, 610 A.2d 1245 (1992) ("Pursuant to General Statutes (Rev. to 1985) §§ 38-327 (now § 38a-371), 38-326 (now § 38a-370) and 38-175c (now §38a-336), the city, as a self-insurer, was required to provide uninsured motorist coverage on its automobiles"). But seeBellucci v. City of New Haven, Superior Court, judicial district of New Haven, Docket No. 376851 (November 5, 1996; Silbert, J.) (18 CONN. L. RPTR. 218, 219) ("although the owner of any passenger motor vehicle must provide `security,' whether by a motor vehicle liability insurance policy written by licensed provider or through self-insurance, it is only policies of insurance written by licensed providers that must also provide uninsured motorist coverage").
General Statutes § 38a-336 (c) provides, in pertinent part: "Each automobile liability insurance policy issued on or after October 1, 1971, which contains a provision for binding arbitration shall include a provision for final determination of insurance coverage in such arbitration proceeding." The CT Page 11005 Connecticut Supreme Court has held that General Statutes § 38-175c (now § 38a-336) makes arbitration of coverage issues compulsory for uninsured motorist coverage that is part of an automobile liability policy. Wilson v. Security Ins. Group,199 Conn. 618, 622-23, 509 A.2d 467 (1986). See also Caulfield v.Amica Mutual Ins. Co., 31 Conn. App. 781, 785, 627 A.2d 466, cert. denied, 227 Conn. 913, 632 A.2d 688 (1993) ("General Statutes (Rev. to 1989) § 38-175c (now § 38a-336) makes arbitration of [insurance coverage] issue[s] compulsory, not voluntary"). Here, the insurance provision calls for binding arbitration in cases where there is a dispute as to whether the claimant is legally entitled to recover damages. As discussed above, the insurance provision expressly denies coverage for uninsured motorist claims except as required by law. The respondents argue that they are not required to provide such coverage. The respondents should not be allowed to benefit from their failure to comply with the statutory mandate. Cf. Wilsonv. Security Ins. Group, supra, 199 Conn. 624 ("This defendant, whose policy does not conform to 38-175c (a) (1), does not deserve a different result" from an insurer that complies with the statutory requirements "by virtue of its failure to follow the statutory mandate"). Since the respondents have violated the statutory mandate by refusing to honor claims for uninsured and underinsured motorist coverage, that the respondents are ordered to arbitrate the issue of whether the claimants are entitled to recover uninsured motorist benefits.
In conclusion, because the respondents, as self-insurers, were obligated to provide uninsured and underinsured motorist coverage to the claimants and the insurance provision contains an arbitration clause for resolving disputes as to whether the claimants are legally entitled to recover damages, the court orders the respondents to proceed with arbitration as to the claimants' uninsured motorist claim.
STODOLINK, JUDGE