[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: (#132) MOTION TO STRIKE REVISED COUNTERCLAIM AND REVISED CROSS CLAIM
On December 20, 1995, the plaintiff, Robert Marino, filed a one count Complaint against the defendant, Robert Wojcik, alleging that on February 3, 1994 while the plaintiff, Marino, was standing in a public road in the course of his employment with A.C.G., Inc. as a flagman, he was struck and injured as a result of the negligent operation of a truck owned by the said A.C.G., Inc. and operated by the defendant, Wojcik in the course of his employment with the said A.C.G., Inc.
On February 14, 1996, the said A.C.G., Inc., filed an Intervening Complaint restating the allegations of the Plaintiff, Marino's, Complaint and alleging further that all of the injuries as alleged by the Plaintiff, Marino, arose out of and in the course of his employment with A.C.G., Inc. and are thereby within the scope of the Worker's Compensation Act C.G.S. 31-284. A.C.G., Inc. further alleges that it has paid Workers' Compensation benefits to the plaintiff, Robert Marino and claims that any damages recovered in this action should be apportioned so that A.C.G., Inc. will be reimbursed for any amounts it has paid or may become obliged to pay to or on behalf of the plaintiff, Marino, under the provisions of the Worker's Compensation Act.
Thereafter, on July 20, 1998, the defendant, Robert Wojcik, filed a Revised Counterclaim directed at A.C.G., Inc. asserting that A.C.G., Inc. had impliedly agreed to indemnify and hold the said Wojcik harmless for all acts and omissions performed while in the course of his employment and while under the direction and control of A.C.G., Inc. and while in furtherance of A.C.G., Inc.'s business interests. In said Revised Counterclaim the defendant, Wojcik, seeks indemnification from A.C.G., Inc. for any judgment that may be rendered against the defendant, Wojcik, in favor of the plaintiff, Marino.
Thereafter, on August 27, 1998, A.C.G., Inc. filed the instant Motion to Strike the Revised Counterclaim of the CT Page 15573 defendant, Wojcik, on the ground that A.C.G. is immune under the "exclusivity" provisions of the Worker's Compensation Act. The question before the court then, is whether the exclusivity provisions of Connecticut Worker's Compensation Act bars the claims asserted in the Defendant, Wojcik's, Revised Counterclaim.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted . . . The court must construe the facts in the complaint most favorably to the plaintiff . . . If facts provable in the complaint would support a cause of action, the motion to strike must be denied." Watersv. Autuori, 236 Conn. 820, 825-26 (1996). A motion to strike "admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." Mingachos v. CBS, Inc., 196 Conn. 91, 108 (1985). "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systems, Inc. v. BOC Group, Inc.,224 Conn. 210, 215 (1992).
Section 31-284 of the Connecticut General Statutes, The Worker's Compensation Act, provides in pertinent part that:
 An employer who complies with the requirements of subsection (b) of this section shall not be liable for any action for damages on account of personal injury sustained by an employee arising out of and in the course of his employment or on account of death resulting from personal injury so sustained, but an employer shall secure compensation for his employees as provided under this chapter, except that compensation shall not be paid when the personal injury has been caused by the wilful and serious misconduct of the injured employee or by his intoxication. All rights and claims between an employer who complies with the requirements of subsection (b) of this section and employees, or any representatives or dependents of such employees, arising out of personal injury or death sustained in the course of employment are abolished other than rights and claims given by this chapter, provided nothing in this section shall prohibit any employee from securing, by agreement with his employer, additional compensation from his employer for the injury or from enforcing any agreement for additional compensation.
CT Page 15574 In the matter of Green v. General Dynamics Corporation,245 Conn. 66, 71 (1998), the Supreme Court recently held that, "The [Worker's Compensation] act provides the sole remedy for employees and their dependents for work-related injuries and death. General Statutes § 31-284. We have observed that "both the employer and the employee have relinquished certain rights to obtain other advantages. The employee no longer has to prove negligence on the part of the employer, but, in return, he has to accept a limited, although certain, recovery . . . The employer, in turn, guarantees compensation to an injured employee in return for the exclusivity of the workers' compensation liability to its employees." (Citation omitted.) Bouley v. Norwich, 222 Conn. 744,752 (1992).
When, as in the instant case, "[a] . . . third party [plaintiff], in a suit by the employee, seeks recovery over against a contributorily negligent employer, contribution [or indemnification] is ordinarily denied on the ground that the employer cannot be said to be jointly liable in tort to the employee because of the operation of the exclusive-remedy clause [of the Worker's Compensation Act]. But if the employer can be said to have breached an independent duty toward the third party, or if there is a basis for finding an implied promise of indemnity, recovery in the form of indemnity may be allowed. The right to indemnity is clear when the obligation springs from a separate contractual relation, such as an employer-tenant's express agreement to hold the third-party landlord harmless, or a bailee's obligation to indemnify a bailor, or a contractor's obligation to perform his work with due care; but when the indemnity claim rests upon the theory that a `primary' wrongdoer impliedly promises to indemnify a `secondary' wrongdoer, the great majority of jurisdictions disallow this claim." Ferryman v.Groton, 212 Conn. 138 (1989).
Various Superior Court decisions have held that although establishing that an implied promise to indemnify or otherwise establishing that some independent duty existed between an employer and a third party tortfeasor may overcome the exclusivity provisions of the Worker's Compensation Act, the courts have construed this exception very narrowly. (See Petersonv. Sabini Docket #327596, JD of Fairfield at Bridgeport).
In the instant matter the defendant, Wojcik seeks indemnification from A.C.G. by asserting that A.C.G. has "impliedly agreed" to hold Wojcik harmless and indemnify him by CT Page 15575 virtue of the implied contract of employment between Wojcik and A.G.C. It is the implied contract of employment and "agency principals" (sic) associated therewith, claims Wojcik that gives rise to the independent duty and implied promise to indemnify as is set forth in the Ferryman case.
"A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systems, Inc. v. BOC Group. Inc.,224 Conn. 210, 215, 618 A.2d 25 (1992). This Court finds that the allegations made by Wojcik in his Counterclaim are such "mere conclusions of law that are unsupported by the facts alleged" and as such, do not overcome the exclusivity provisions of the Worker's Compensation Act.
Accordingly, the Motion to Strike the Revised Counterclaim is granted.
Although Wojcik has also filed a Cross Claim and Revised Cross Claim against W.C.G., Inc. and although A C.G., Inc. has asked that the instant Motion to Strike be directed toward the Revised Cross Claim as well as the Revised Counterclaim, a review of the pleadings by the Court discloses that A.C.G., Inc. is not a named defendant in the instant action. Accordingly, the Cross Claim, Revised Cross Claim are superfluous and should be withdrawn. The Court has not acted upon so much of the Motion to Strike as is directed at the Revised Cross Claim.
BY THE COURTCARROLL, J.