[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION (#135, MOTION FOR SUMMARY JUDGMENT
The plaintiffs, Susan Tibbals and Jason Albert, filed a seven count Complaint on November 18, 1992, against defendant ITT Hartford and various other insurance companies, alleging that these insurance companies are liable to them for damages stemming from an automobile accident. In count one, the plaintiffs, who were volunteer workers for the Wethersfield Ambulance Association [WVAA], allege that they were injured when the ambulance in which they were riding was struck by David Sherman's vehicle after Sherman had run a red light. In count two of the Complaint, plaintiff Tibbals alleges that CT Page 3417 defendant USAA Casualty Insurance Company failed to pay plaintiff Tibbals damages for injuries allegedly specified and agreed to in its automobile policy. Plaintiff Tibbals alleges that she is entitled to damages which exceed the limit on Sherman's underinsured vehicle until she is fully compensated. Plaintiff Tibbals further alleges that she has fulfilled all the terms, conditions and requirements of the policy, but defendant USAA has not paid her damages in accordance with the terms and conditions of the policy.
In counts three and four, plaintiff Tibbals asserts claims under the underinsured motorist provisions of automobile insurance policies issued by Great American Insurance Company and Middlesex Insurance Company, respectively
In count five, the plaintiffs allege that defendant ITT Hartford issued to WVAA an automobile insurance policy wherein it agreed to pay damages, not exceeding the limits specified in the policy, that the plaintiffs are legally entitled to recover from the owner or operator of an underinsured motor vehicle. The plaintiffs allege that the underinsurance coverage was triggered when they sustained bodily injuries caused by an accident wherein the owner's or operator's vehicle which caused the accident was underinsured. The plaintiffs allege that they have fulfilled all the terms, conditions and requirements of the policy. The plaintiffs further allege that defendant ITT Hartford has not paid them damages in accordance with the terms and conditions of the policy.
In counts six and seven, plaintiff Albert asserts claims under the underinsured motorist provisions of automobile insurance policies issued by Automobile Insurance Company of Hartford and Allstate Insurance Company, respectively.
On October 15, 1993, the plaintiffs filed an amendment to the fifth count of their Complaint, adding, as paragraph sixteen, the allegation that "[a]t the time of the incident Plaintiffs were emergency medical technicians in the course of their volunteer ambulance duties as active members of the Wethersfield Volunteer Ambulance Association, Inc."
On October 28, 1994, defendant ITT Hartford (hereinafter "the defendant") filed a motion for summary judgment on the CT Page 3418 ground that "there is no genuine issue of fact that plaintiffs received Workers' Compensation benefits and that Workers' Compensation provides plaintiffs with their exclusive remedy against WVAA."
"[S]ummary judgment shall be rendered forthwith if the pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgement as a matter of law."Wadia Enterprises v. Hirschfeld, 224 Conn. 240, 247,618 A.2d 506 (1992). A material fact is one that will make a difference in the result of a case. Hammer v. Lumberman'sMutual Casualty Co., 214 Conn. 573, 578, 573 A.2d 699 (1990). "The test is whether a party would be entitled to a directed verdict on the same facts." (Internal quotation marks omitted.) Id. "[T]he party seeking summary judgment has the burden of showing the nonexistence of any material fact." (Citations omitted; internal quotation marks omitted.)Connecticut Bank Trust Co. v. Carriage Lane Associates,219 Conn. 772, 781, 595 A.2d 334 (1991). However, if the evidence presented is sufficient, it is "not rebutted by the bald statement that an issue of fact does exist." (Citations and internal quotation marks omitted.) Hammer v. Lumberman'sMutual Casualty Co., supra, 214 Conn. 579. "In deciding such a motion, the trial court must view the evidence in the light most favorable to the nonmoving party." Connecticut Bank Trust Co. v. Carriage Lane Associates, supra, 219 Conn. 781.
The defendant argues in its memorandum in support of its motion for summary judgment that it is entitled to judgment as a matter of law because the Workers' Compensation Act provides the exclusive remedy for the claims at issue. The defendant further argues that "[a]s part of the statutory workers' compensation scheme, volunteer ambulance workers are provided workers' compensation benefits while engaged in the course of their volunteer ambulance duties pursuant to Connecticut General Statutes Section 19a-191." Thus, the defendant argues that the plaintiffs' exclusive remedy for damages can be obtained only from the Workers' Compensation Act.
In opposition, the plaintiffs argue that since they were volunteers rather than employees, the exclusivity provision of the Workers' Compensation Act do not apply.
General Statutes § 19a-191, Volunteer ambulance personnelCT Page 3419compensated under chapter 568. Hypertension or heart diseasepresumptions, provides, in pertinent part, that:
 active [volunteer ambulance] members shall be construed to be employees of the municipality for the benefit of which ambulance services are rendered while in training or in volunteer ambulance duties and shall be subject to the jurisdiction of the workers' compensation commission in accordance with the provisions of chapter 568 for death, disability or injury incurred while in training for or engaged in volunteer ambulance duties.
(Emphasis added.) Thus, General Statutes § 19a-191 mandates that volunteer ambulance workers be construed as employees and subject to the jurisdiction of the workers' compensation commission.
General Statutes § 31-284(a) provides in pertinent part that:
 [a]n employer shall not be liable to any action for damages on account of personal injury sustained by an employee arising out of and in the course of his employment . . . but an employer shall secure compensation for his employees as provided under this chapter. All rights and claims between employer and employees . . . arising out of personal injury . . . sustained in the course of employment are abolished other than rights and claims given by this chapter . . . .
Our Supreme Court has consistently held that "the exclusivity provisions of the Workers' Compensation Act operate as a total bar to actions brought by employees against employers for job related injuries. . . ." (Citations omitted; internal quotation marks omitted.) Quimby v. Kimberly ClarkCorporation, 28 Conn. App. 660, 666, 613 A.2d 838 (1992); see,Sharp v. Mitchell, 209 Conn. 59, 66, 546 A.2d 846 (1988). The purpose behind the Workers' Compensation Act is to compensate a worker for injuries arising out of and in the course of CT Page 3420 employment, regardless of fault, by imposing a form of strict liability upon the employer. Crochiere v. Board of Education,227 Conn. 333, 349, 630 A.2d 1027 (1993). Moreover, the exclusive remedy provisions of the Workers' Compensation Act preclude an employee from collecting uninsured motorist benefits coverage from the employer when the employee is injured in an automobile accident while operating the employer's vehicle during work hours. Bouley v. Norwich,222 Conn. 744, 610 A.2d 1003 (1992).
Pursuant to General Statutes § 19a-191, volunteer ambulance workers are considered employees of the municipality where they render ambulance services and are subject to the jurisdiction of the Workers' Compensation Commission. WVAA provided workers' compensation benefits to the plaintiffs through its insurer in accordance with the mandates of General Statutes § 31-284, the Workers' Compensation Act. Since volunteer ambulance personnel are construed as employees pursuant to General Statutes § 19a-191, the Workers' Compensation Act provides the exclusive remedy for the plaintiff employees against the defendant. Defendant is entitled to judgment as a matter of law.
Accordingly, the defendant's motion for summary judgment is granted.
Schimelman, J.