**Kathryn TARBE, Plaintiff–Appellant,**

**v.**

**BERKEL, INC., Defendant–Appellee,**

**D'Angelo, Inc., Intervenor–Plaintiff.**

**Docket No. 98–9614**

United States Court of Appeals, Second Circuit.

Argued Sept. 9, 1999.

Decided Nov. 10, 1999.

J. David Griffin, Falcone & Lyons, P.C., West Haven, Connecticut, for Plaintiff–Appellant.

Patrick J. Fitzgerald, Zeldes, Needle & Cooper, P.C., Bridgeport, Connecticut, Kenneth J. Moran, Esq., McGuire, Woods, Battle & Boothe, Of Counsel, Richmond, Virginia, for Defendant–Appellee.

Before: FEINBERG, WALKER, and CALABRESI, Circuit Judges.

PER CURIAM:

On October 15, 1995, plaintiff-appellant Kathryn Tarbe was severely injured by a slicing machine while working at a delicatessen. Tarbe received workers' compensation but brought an additional products liability claim in Connecticut Superior Court against the slicer's manufacturer, defendant-appellee Berkel, Inc. The case was removed to the United States District Court for the District of Connecticut (Janet B. Arterton, *Judge*) and, on April 9, 1998, Berkel moved for summary judgment on the ground that Tarbe's claims were time barred. Judge Arterton granted the motion.

The Connecticut statute of limitations provides in relevant part:

(a) No product liability claim ... shall be brought but within three years from the date when the injury, death or property damage is first sustained or discovered ... except that, subject to subsections (c), (d) and (e), no such action may be brought against any party ... later than ten years from the date that the party last parted with possession or control of the product.

. . . .

(c) The ten-year limitation provided for in subsection (a) shall not apply to any product liability claim brought by a claimant who is not entitled to [workers' compensation], provided the claimant can prove that the harm occurred during the useful safe life of the product.

Conn. Gen.Stat. § 52–577a. Tarbe was injured just prior to the conclusion of the ten-year period after Berkel parted with control of the product, but she filed her claim after the ten-year time limit.

On appeal, Tarbe argues that the statute of limitations impermissibly discriminates between two categories of claimants in violation of her Fourteenth Amendment Equal Protection rights: (1) those injured by products during the course of their employment who are entitled to workers' compensation, and (2) those injured who are not entitled to workers' compensation. The former are subject to a ten-year statute of limitations measured from the date the manufacturer parted with control of the product, while the latter may bring an action at any time within the useful safe life of the product. Both, however, must also bring their actions within three years of the injury or its discovery, as required by the statute. The district court considered and rejected Tarbe's equal protection claim. This court reviews the district court's ruling *de novo. See United States v. Birbal,* 113 F.3d 342, 345 (2d Cir.1997); *United States v. Thompson,* 35 F.3d 100, 103 (2d Cir.1994).

 Since no suspect or quasi-suspect classification nor any fundamental constitutional rights are implicated, the rational basis standard of review applies. *See Heller v. Doe,* 509 U.S. 312, 319–21, 113 S.Ct. 2637, 125 L.Ed.2d 257 (1993); *Thomas v. Sullivan,* 922 F.2d 132, 136 (2d Cir.1990). The Connecticut statute will be upheld if "there is a rational relationship between the disparity of treatment and some legitimate governmental purpose." *Heller,* 509 U.S. at 320, 113 S.Ct. 2637. Furthermore, "those attacking the rationality of the legislative classification have the burden 'to negative every conceivable basis which might support it.'" *FCC v. Beach Communications, Inc.,* 508 U.S. 307, 315, 113 S.Ct. 2096, 124 L.Ed.2d 211 (1993) (quoting *Lehnhausen v. Lake Shore Auto Parts Co.,* 410 U.S. 356, 364, 93 S.Ct. 1001, 35 L.Ed.2d 351 (1973)).

**138**

If the legislature's distinction between these two groups of products liability claimants is rationally related to a legitimate governmental purpose, our inquiry is at an end. The Connecticut Supreme Court, adjudicating the constitutionality of the same statute, found that the Connecticut legislature enacted it in response to a crisis in insurance premiums, and found further that

> [t]he average consumer is protected for the useful safe life upon proof of certain essential factors whereas the employee is also protected for the period of his employment, albeit to a lesser monetary degree. This trade-off of responsibilities and benefits potentially available between the two classes of people is certainly reasonable and protective of the rights of individuals within both classes.

*Daily v. New Britain Mach. Co.*, 200 Conn. 562, 512 A.2d 893, 903–04 (1986). The Connecticut legislature's trade-off followed recommendations of a federal task force and was designed to control escalating insurance premiums for manufacturers while maintaining adequate remedies for consumers and employees injured on the job. *See id.* at 902. Tarbe argues that the Connecticut Supreme Court's reasoning predates recent, sweeping changes in the Connecticut Workers' Compensation statute. *See* 1993 Conn. Pub. Acts 93–228. While these changes, which need not be spelled out here, have indeed been sweeping and recent, they do nothing to undermine the rationality of the Connecticut legislature's balanced approach to its products liability statute of limitations. We are persuaded by the reasoning of the Connecticut Supreme Court, and conclude that the statute satisfies rational basis review.

The judgment of the district court is AFFIRMED.