**Dale MELIUS, Plaintiff,**

v.

**FEDERAL EXPRESS CORPORA-TION, and Hand Held Products, Inc., Defendants.**

**No. 3:99CV1551(GLG).**

United States District Court, D. Connecticut.

Dec. 8, 1999.

Gerard McEnery, Andrew W. Skolnick, Sinoway & McEnery, New Haven, CT, Robert C. Messey, Stratford, CT, for Dale Melius, Plaintiff.

R. Cornelius Danaher, Jr., Christopher J. Sochacki, Danaher, Tedford, Lagnese & Neal, Hartford, CT, Robbin T. Sarrazin, Federal Exp. Corp., Memphis, TN, for Federal Exp. Corp., Defendant.

Michael G. Durham, Delaney, Zemetis, Donahue, Durham & Noonan, Guilford, CT, for Hand Held Products, Defendant.

## MEMORANDUM DECISION

GOETTEL, District Judge.

■ Plaintiff, DALE MELIUS, has brought this products liability action against his employer, defendant FEDERAL EXPRESS CORPORATION ("FedEx"), and against the manufacturer, defendant HAND HELD PRODUCTS, INC., for injuries he allegedly sustained from his use of a defective electronic device called a "SuperTracker." FedEx has moved to dismiss the products liability counts (Counts One and Two) for failure to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6).[1] FedEx asserts that the exclusivity provisions of Connecticut's Workers' Compensation Act, C.G.S.A. § 31–284(a), bar this action against it as plaintiff's employer. We agree and GRANT defendant FedEx's Motion to Dismiss Counts One and Two.

### Background

In ruling on this motion to dismiss, we accept as true all factual allegations of plaintiff's complaint and draw all reasonable inferences in his favor. According to plaintiff's complaint, from January 1, 1991, until December 31, 1993, FedEx contracted with Hand Held Products, Inc., for a product known as the "SuperTracker," a hand-held device used by FedEx employees on a daily basis to process packages. (Compl.¶ 2). From December 31, 1993, to the present, FedEx manufactured this product. (Compl.¶ 3).

At all relevant times, plaintiff was employed by FedEx as a package handler and used the SuperTracker throughout his daily work schedule. (Compl.¶¶ 4, 5). Plaintiff had regular and prolonged exposure to this device. (Compl.¶ 6). On or about January 21, 1997, plaintiff was diagnosed with a type of cancerous tumor, which he believes was caused by his prolonged exposure to the SuperTracker. (Compl.¶ 9).

In Count One, plaintiff claims that FedEx is liable under Connecticut's Products Liability Act, C.G.S.A. § 52–572m et seq., in that it "provided" the SuperTracker, which was defective and unreasonably dangerous in a variety of ways enumerated in his complaint. (Compl.¶ 10). In his Second Count, plaintiff alleges that FedEx is liable to him as the manufacturer of the SuperTracker. (Compl.Ct.II, ¶ 3).

FedEx maintains that the exclusivity provision of the Workers' Compensation Act[2] operates as a total bar to this action, which has been brought by one of its employees for a job related injury (whether or not plaintiff has actually collected workers' compensation benefits). Plaintiff responds that Connecticut's Products Liability Act provides his exclusive remedy for injuries resulting from a defective product and that a products liability claim may be brought against FedEx in its alternate or dual capacity as a manufacturer.

### Discussion

That plaintiff's exposure to the SuperTracker occurred during the course and

---

1. Plaintiff, citing a Connecticut Supreme Court case, asserts that a motion to dismiss is not the proper procedural vehicle for asserting this affirmative defense. We disagree. This is a matter of procedure controlled by federal law. Under Fed.R.Civ.P. 12(b)(6), dismissal is appropriate when a successful affirmative defense appears on the face of the complaint. *See generally* 2 *Moore's Federal Practice 3d* § 12.34[4][d] (1999).

2. The exclusivity provision of the Workers' Compensation Act states:

An employer who complies with the requirements of subsection (b) of this section *shall not be liable for any action for damages on account of personal injuries sustained by an employee arising out of and in the course of his employment.... All rights and claims between an employer* who complies with the requirements of subsection (b) of this section *and employees, ... are abolished other than rights and claims given by this chapter.*
C.G.S.A. § 31–284(a).

scope of his employment with FedEx is undisputed. Plaintiff has specifically alleged these facts in Count One of his complaint. In the Second Count, plaintiff has further alleged that FedEx stepped outside of its status as his employer and assumed the "dual capacity"[3] of a manufacturer. (Compl., Ct.II, ¶ 3).

■ "In Connecticut the exclusive remedy for an employee injured in the course of employment is provided by the Workers' Compensation Act. . . ." *Nolan v. Borkowski*, 206 Conn. 495, 500, 538 A.2d 1031 (1988). "The purpose of the workmen's compensation statute is to compensate the worker for injuries arising out of and in the course of employment, without regard to fault, by imposing a form of strict liability on the employer." *Jett v. Dunlap*, 179 Conn. 215, 217, 425 A.2d 1263 (1979). The Workers' Compensation Act "compromise[s] an employee's right to a common law tort action for work related injuries in return for relatively quick and certain compensation." *Mingachos v. CBS, Inc.*, 196 Conn. 91, 97, 491 A.2d 368 (1985).

The Connecticut Supreme Court has consistently interpreted the exclusivity provision of the Workers' Compensation Act as a "total bar to common-law actions brought by employees against employers for job related injuries, with one narrow exception that exists when the employer has committed an intentional tort or where the employer has engaged in wilful or serious misconduct." *Suarez v. Dickmont Plastics Corp.*, 229 Conn. 99, 106, 639 A.2d 507 (1994). In the instant case, plaintiff does not assert in Counts One and Two that the conduct of FedEx falls within this narrow exception.[4] Rather, plaintiff insists that he can maintain this action against FedEx as the manufacturer, pursuant to the dual capacity doctrine.

■ The Connecticut Supreme Court has repeatedly refused to carve out a dual capacity exception to the exclusivity provision of the Workers' Compensation Act. *See Panaro v. Electrolux Corp.*, 208 Conn. 589, 600, 545 A.2d 1086 (1988) (rejecting the dual capacity doctrine for alleged malpractice of a company nurse at a medical facility maintained by plaintiff's employer); *Bouley v. Norwich*, 222 Conn. 744, 759–60, 610 A.2d 1245 (1992) (holding that the exclusivity provision prevented an injured employee, suing his employer in its capacity as an insurer, from recovering underinsured motorists benefits under the employer's policy), *abrogated by statute*, P.A. 93–297, § 1(f). In *Bouley*, the Connecticut Supreme Court recognized that, in promulgating the Workers' Compensation Act, the State Legislature had worked out a "complex statutory scheme," an "integral part" of which was the "accepted proposition that an employee surrenders other claims for the certainty of the exclusive workers' compensation remedy." *Id.* at 760, 610 A.2d 1245 (internal citations omitted). "Such a comprehensive, well thought out scheme should not be tinkered with by the courts." *Id.* (internal citations omitted).[5] The State Legislature has never recognized the dual capacity doctrine as an

---

**3.** The "dual capacity" doctrine describes the situation where an employer has two capacities or legal persona, such as employer and owner or employer and manufacturer. *Sharp v. Mitchell*, 209 Conn. 59, 62 n. 3, 546 A.2d 846 (1988).

**4.** In Count Three, plaintiff has asserted intentional and wilful misconduct on the part of FedEx, which FedEx concedes is a recognized exception to the exclusivity provision of C.G.S.A. § 31–284, and, therefore, FedEx has not moved to dismiss Count Three of plaintiff's complaint.

**5.** The Connecticut Legislature responded to this decision by enacting P.A. 93–297, § 1(f), codified at C.G.S.A. § 38a–336(f), which provides that "notwithstanding subsection (a) of section 31–284, an employee of a named insured injured while occupying a covered motor vehicle in the course of employment shall be covered by such insured's otherwise applicable uninsured and underinsured motorist coverage." *See Reliance Ins. Co. v. American Cas. Co. of Reading, Penn.*, 238 Conn. 285, 679 A.2d 925 (1996).

exception to the exclusivity provision of the Workers' Compensation Act, *see Caron v. Connecticut Light & Power Co.*, No. 320834, 1997 WL 280171 (Conn.Super. May 15, 1997), and it is certainly not the province of this Federal Court, sitting in diversity, to do so.

■ Plaintiff also argues that the Connecticut Products' Liability Act, C.G.S.A. § 52–572n(a),[6] is plaintiff's exclusive remedy. While the Products Liability Act does in fact provide that it is a claimant's exclusive remedy against a product seller, *see, e.g., McKernan v. United Technologies Corp.*, 717 F.Supp. 60 (D.Conn.1989), there is nothing in the statute, nor is there any caselaw, that would support plaintiff's contention that this section applies to claims against employers, thus overriding the exclusivity provision of the Workers' Compensation Act.

The definition of "product seller" makes no mention of the plaintiff's employer. *See* C.G.S.A. § 52–572m(a). Moreover, the Products Liability Act itself implicitly recognizes that certain claimants may be entitled to workers' compensation. *See* C.G.S.A. § 52–577a (which imposes a ten-year statute of repose on claimants injured by products during the course of their employment who are entitled to workers' compensation benefits); *see also Tarbe v. Berkel, Inc.*, 196 F.3d 136 (2d Cir.1999) (discussing this provision of the Products Liability Act). In *Daily v. New Britain Mach. Co.*, 200 Conn. 562, 579, 581, 512 A.2d 893 (1986), the Connecticut Supreme Court upheld the constitutionality of the statute of repose set forth in C.G.S.A. § 52–577a(a), applicable to claimants eligible for workers' compensation from their employers, reasoning that the benefits of the workers' compensation program justified this ten-year limitation. Thus, rather than overriding the exclusivity provision of the Workers' Compensation Act, the Prod-

ucts Liability Act specifically recognizes that certain claimants will be receiving workers' compensation benefits for the injuries that they have sustained in the workplace from a defective product.

Accordingly, we reject plaintiff's argument that the Products Liability Act provides his exclusive remedy against his employer. We have found no support in the statute or caselaw for the proposition that the Products' Liability Act nullifies the exclusivity provision of the Workers' Compensation Act. Indeed, the language of the Products Liability Act suggests just the opposite.

### Conclusion

Because we find that the exclusivity provision of the Workers' Compensation Act bars plaintiff's products liability claims set forth in Counts One and Two against his employer FedEx, we GRANT defendant FedEx's Motion to Dismiss Counts One and Two **[Doc. # 15]**.

SO ORDERED.

---

**6.** The Products Liability Act provides:
A product liability claim ... may be asserted and *shall be in lieu of all other claims against product sellers, including actions of* *negligence, strict liability and warranty, for harm caused by a product.*
C.G.S.A. § 52–572n(a).