SAN PEDRO NORTH, LTD., Appellant,

v.

CITY OF SAN ANTONIO et al., Appellees.

No. 15828.

Court of Civil Appeals of Texas, San Antonio.

Jan. 25, 1978.

Rehearing Denied March 1, 1978.

Harvey L. Hardy, San Antonio, for appellant.

William H. Robison, George H. Spencer, Randolph P. Tower, Clemens, Spencer, Welmaker & Finck, San Antonio, for appellees.

CADENA, Chief Justice.

Plaintiff, San Pedro North, Ltd., a limited partnership, filed this suit seeking a declaration that an ordinance, initiated by petition of voters and adopted at an election, repealing an ordinance adopted by the City Council of the City of San Antonio permanently zoning land owned by plaintiff, was invalid. Defendants are the City of San Antonio and the members of its legislative body.

Plaintiff appeals from a judgment denying it the relief prayed for.

Plaintiff, engaged in the development of land, purchased the land in question in 1961. The land was annexed by the City in 1972, and under applicable ordinances the land immediately became zoned "Temporary R–1, One Family Residence District."

The City Code contemplates that after land has been annexed the City Planning Commission shall, on its own motion and as soon as practicable, assign appropriate "permanent" zoning classification to newly annexed land. The City Planning Commission did not see fit to initiate appropriate zoning proceedings for the land in question.

Plaintiff conveyed portions of the land in question and in 1975 the buyer successfully initiated proceedings to have the land purchased from plaintiff permanently zoned B–2 and B–3.

Subsequently, in the summer of 1975, plaintiff requested that his land be permanently zoned. The Planning Commission recommended that a portion of the land be permanently zoned B–2 and that the remainder be permanently zoned R–1.

On October 16, 1975, City's governing body adopted an ordinance assigning to plaintiff's land the permanent zoning classifications recommended by the City Planning Commission.

After the enactment of the October 16 ordinance, citizens' groups circulated petitions to repeal such ordinance and thus, in effect, to cause plaintiff's land to revert to its original temporary zoning.

On December 11, 1975, City's governing body certified the petitions as sufficient and, after a motion to repeal the October 16 ordinance was defeated, called an election for January 17, 1976, for the purpose of submitting the proposed repealing ordinance to the voters. At the election held on January 17, 1976, the vote was in favor of the repeal of the ordinance of October 16, 1975. The election results were canvassed by City's governing body and the result officially declared on January 19, 1976.

Article IV, § 35 of City's charter provides that the voters shall have the power to approve or reject at the polls "any ordinance passed by the council save one appropriating money, levying taxes, or fixing utility rates, or any ordinance submitted by the council of its own initiative to a vote of the electors." This section provides that "Within forty days after the enactment by the council of any ordinance which is subject to a referendum, a petition signed by qualified electors of a [sic] city equal in number to at least ten per cent of the electors qualified to vote at the last preceding regular election may be filed within the city clerk requesting that any such ordinance be either repealed or submitted to a vote of the electors."

Clearly, the above charter provision contains no language excluding zoning ordinances from its provisions.

Article I, § 3, Para. 9 of the Charter grants the power to the Council to regulate the zoning and use of land and expressly

adopts the State Zoning Enabling Act (Articles 1011a to 1011j, Tex.Rev.Civ.Stat.Ann. (1963)).

Plaintiff contends that a zoning ordinance is not subject to the initiative and referendum provisions of City's charter. We agree.

At all times pertinent to this litigation, the power of Texas cities to zone was governed by the provisions of Articles 1011a–1011m, Tex.Rev.Civ.Stat.Ann. Pertinent provisions require a public hearing, following notice of at least 15 days, before regulations may be adopted or amended. Articles 1011d, 1011e.

Article 1011f requires the appointment of a Planning Commission to recommend the boundaries of the various zoning districts, and provides that the municipal legislative body shall take no action until it has received the final report of the Commission. This statute also requires written notice of all hearings before the Zoning Commission "on proposed changes."

There are no constitutional or statutory provisions relating to initiative and referendum, except for isolated statutory provisions for referendum with respect to certain subjects not here relevant. The Zoning Enabling Act contains no such provisions.

In *Hancock v. Rouse*, 437 S.W.2d 1, 4 (Tex.Civ.App.—Houston [1st Dist.] 1969, writ ref'd n.r.e.), the Court said:

A zoning ordinance enacted by the City Council without the notice and hearing required by statute would be invalid and the power of the people to legislate directly is subject to the same limitations. . . . Since notice and hearing are clearly required by the . . . general law of the State, as a prerequisite to the enactment of Zoning Ordinances, and since notice and hearing have no place in the process of legislating through initiative and referendum, the power of the people . . . to legislate directly does not extend to the subject of zoning.

In *Bolton v. Sparks*, 362 S.W.2d 946, 950 (Tex.1962), it was recognized that zoning ordinances and amendments to such ordinances are invalid where the mandatory provisions of the statutes concerning notice and hearing have been ignored, saying that the requirement of notice and hearing are intended for the protection of property owners against arbitrary action and that compliance with the mandatory provisions of the statutes is essential to the exercise of jurisdiction by municipal governing bodies and each act must be performed.

■ To give effect to the election in this case, assuming that the result of the election was not a repeal of the zoning ordinance previously passed by the municipal legislative body, would be to add a procedural step to zoning which is not required by the comprehensive provisions of the Enabling Act. A city can no more add a step to the procedures required by state law than it can omit one. *City of San Antonio v. Lanier*, 542 S.W.2d 232 (Tex.Civ.App.—San Antonio 1976, writ ref'd n.r.e.).

■ Our conclusion finds support in decisions from other jurisdictions. *Forman v. Eagle Thrifty Drugs and Markets*, 89 Nev. 533, 516 P.2d 1234 (1973); *Hurst v. City of Burlingame*, 207 Cal. 134, 277 P. 308 (1929); *cf. Township of Sparta v. Spillane*, 125 N.J. Super. 519, 312 A.2d 154 (1973), where the decision that zoning ordinances are not subject to the initiative and referendum process was based on the necessity for continuity and expertise in zoning, rather than on the statutory requirements for notice and hearing. *San Diego Building Contractors Ass'n v. City of San Diego*, 13 Cal.3d 205, 118 Cal.Rptr. 146, 529 P.2d 570 (1974), is not in conflict with the conclusion we have reached, since in that case there was not statutory requirement of notice and hearing and the court was merely considering whether the constitutional requirements of due process were in themselves sufficient to invalidate the adoption of zoning ordinances without notice and hearing. The same is true of *City of Fort Collins v. Dooney*, 178 Colo. 25, 496 P.2d 316 (1972), where the court concluded that the election campaign was sufficient notice and hearing insofar as the requirements of *due process* are concerned.

The judgment of the trial court is reversed and judgment is here rendered declaring that the election held on January 17, 1976 did not affect the validity of Ordinance No. 45863 adopted by the City Council of the City of San Antonio on October, 16, 1975, and that such Ordinance No. 45863, assigning permanent zoning classification to plaintiff's land, is in full force and effect.

MURRAY, J., did not participate in the disposition of this case.