

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-24-00227-CV

———————————————

JAMES A. PHILLIPS, JR., Appellant

V.

BLUE NAIL ENTERPRISES, LLC, Appellee

On Appeal from the 431st District Court
Denton County, Texas
Trial Court No. 23-10700-431

Before Wallach, J.; Sudderth, C.J.; and Walker, J.
Per Curiam Memorandum Opinion

## MEMORANDUM OPINION

The parties have filed an "Agreed Motion to Determine Jurisdiction" in which they ask this court to determine whether we have jurisdiction over this appeal and to dismiss the appeal if we do not. We agree with the parties that we do not have jurisdiction, and we will therefore dismiss the appeal.

Appellee Blue Nail Enterprises, LLC sued Appellant James A. Phillips, Jr. for breach of contract and to foreclose on a mechanic's lien, and it sought to recover attorney's fees. Blue Nail subsequently moved for partial summary judgment; the motion asked for summary judgment on its claims, including its entitlement to attorney's fees, but it requested that the amount of attorney's fees be determined at a later trial. At the conclusion of the summary judgment hearing, the trial court stated that it would grant the summary judgment motion and that "all that remains to make this appealable is attorney fees," which the court said it would "handle . . . by submission." That same day, the trial court signed an "Order Granting Plaintiff's Motion for Partial Summary Judgment." The order states, in its entirety,

> On this day, came on to be heard Plaintiff's Motion for Partial Summary Judgment (the "Motion") filed by Plaintiff Blue Nail Enterprises ("BNE" or "Plaintiff"). Upon consideration of the Motion, any response thereto, the pleadings on file, the evidence before the Court, the law, and the arguments of counsel, the Court finds the Motion has merit. Accordingly, IT IS ORDERED that the motion is GRANTED.
>
> Signed this 2nd day of May, 2024

This order contains no decretal language specifying whether Blue Nail was granted or denied recovery, in whole or in part, on its claims against Phillips, and it contains no language of finality. *See In re Elizondo*, 544 S.W.3d 824, 826 (Tex. 2018) (orig. proceeding); *Chapman v. Johnson*, No. 07-22-00158-CV, 2023 WL 4487718, at *1 (Tex. App.—Amarillo July 6, 2023, no pet.) (mem. op.). Nevertheless, the day after the trial court signed the order, the district clerk sent the parties a notice stating that the order was "an appealable order."

Blue Nail moved for entry of final judgment and provided its attorney's declaration regarding attorney's fees, and Phillips responded and contested Blue Nail's attorney's-fees evidence. Meanwhile, because of the district clerk's notice, Phillips filed a notice of appeal out of an abundance of caution.

In this court, the parties filed their "Agreed Motion to Determine Jurisdiction." The motion states that "[t]he Parties do not believe a final, appealable judgment has been entered in this case," and they ask this court to "determine its jurisdiction and, finding it lacking, dismiss this appeal pending a final judgment."

Generally, appeals may be taken only from final judgments. *In re Guardianship of Jones*, 629 S.W.3d 921, 924 (Tex. 2021); *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195–96 (Tex. 2001). "By definition, a final judgment must dispose of all parties and all claims in the underlying case." *Patel v. Nations Renovations, LLC*, 661 S.W.3d 151, 154 (Tex. 2023). Here, the trial court's order grants Blue Nail's partial summary judgment motion, but it does not adjudicate the claims before the court, *see Phan v. CL*

3

*Invs., LLC*, No. 01-20-00551-CV, 2022 WL 175367, at *4 (Tex. App.—Houston [1st Dist.] Jan. 20, 2022, pet. denied) (mem. op. on reh'g); *Smith v. City of Lubbock*, No. 07-10-0466-CV, 2011 WL 1458200, at *1 (Tex. App.—Amarillo Apr. 15, 2011, order) (per curiam), *disp. on merits*, 351 S.W.3d 584, 588 (Tex. App.—Amarillo 2011, pet. denied), and it contains no finality language, *see Elizondo*, 544 S.W.3d at 826. Accordingly, the order is not final. *See id.* (stating that "an order is final if it includes a finality phrase" or "if it actually disposes of all claims before the trial court").

Because the trial court's order is not final and is not an order for which an interlocutory appeal has been authorized, *see, e.g.*, Tex. Civ. Prac. & Rem. Code Ann. § 51.014, we have no jurisdiction over the appeal, *see id.* § 51.012; *Lehmann*, 39 S.W.3d at 195. Accordingly, we grant the parties' motion and dismiss the appeal for lack of jurisdiction. *See* Tex. R. App. P. 42.1(a), 43.2(f).

Per Curiam

Delivered: August 15, 2024